People v Tinsley (2022 NY Slip Op 06729)

People v Tinsley

2022 NY Slip Op 06729

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2021-07786

[*1]The People of the State of New York, respondent,
v
Joseph Tinsley, appellant. Thomas R. Villecco, Jericho, NY, for appellant.

Miriam E. Rocah, District Attorney, White Plains, NY (Steven A. Bender of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated September 17, 2021, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, after a jury trial, of rape in the first degree, robbery in the first degree, aggravated sexual abuse in the first degree, robbery in the second degree (two counts), assault in the second degree (three counts), criminal possession of a weapon in the third degree (two counts), unlawful imprisonment in the second degree, and harassment in the first degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court, inter alia, assessed the defendant a total of 130 points, resulting in a presumptive risk level three designation, denied the defendant's application for a downward departure, and designated the defendant a level three sex offender. The defendant appeals.
"A party seeking a departure from the presumptive SORA risk level has the initial burden of (1) identifying, as a matter of law, an appropriate aggravating or mitigating factor, namely, a factor which tends to establish a higher or lower likelihood of reoffense or danger to the community, respectively, and is of a kind, or to a degree, that is otherwise not adequately taken into account by the . . . Guidelines; and (2) establishing the facts in support of its existence" (People v Paterno, 203 AD3d 853, 853; see People v Gillotti, 23 NY3d 841, 861; People v Wyatt, 89 AD3d 112, 123-124; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If a party satisfies its initial burden, "'the court must exercise its discretion by weighing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Paterno, 203 AD3d at 854, quoting People v Gillotti, 23 NY3d at 861).
Here, contrary to the defendant's contentions, the Supreme Court properly denied the defendant's request for a downward departure. The court properly determined that the defendant did not demonstrate the existence of any mitigating factor that would support a downward departure from his presumptive risk level.
In light of the foregoing, we need not reach the defendant's remaining contention.
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
DUFFY, J.P., MILLER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court