People v Lee (2023 NY Slip Op 02899)

People v Lee

2023 NY Slip Op 02899

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2019-14577

[*1]The People of the State of New York, respondent,
v
Matthew Lee, appellant. 

Twyla Carter, New York, NY (Samuel Claflin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted in federal court, upon his plea of guilty, of distribution of child pornography (18 USC § 2252[a][2]; [b][1]). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed the defendant a total of 90 points, including 30 points under risk factor 3 (number of victims), 30 points under risk factor 5 (age of victims), 20 points under risk factor 7 (victims were strangers), and 10 points under risk factor 8 (age at first sex offense), resulting in a presumptive risk level two designation. The court denied the defendant's application for a downward departure and designated him a level two sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "'(1) identifying, as a matter of law, an appropriate . . . mitigating factor, namely, a factor which tends to establish a . . . lower likelihood of reoffense or danger to the community . . . and is of a kind, or to a degree, that is otherwise not adequately taken into account by the . . . Guidelines; and (2) establishing the facts in support of its existence'" (People v Tinsley, 210 AD3d 1025, 1026, quoting People v Paterno, 203 AD3d 853, 853; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, "'the court must exercise its discretion by weighing the . . . mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over-. . . assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Paterno, 203 AD3d at 854, quoting People v Gillotti, 23 NY3d 841, 861; see People v Tinsley, 210 AD3d at 1026).
Here, at the hearing, the defendant failed to demonstrate the existence of a mitigating factor not already taken into account by the Guidelines that would warrant a downward departure (see People v Gillotti, 23 NY3d at 857). The defendant's scores on alternative risk assessment instruments suggesting a "low" likelihood of reoffense do not, by themselves, constitute mitigating factors justifying a downward departure from the presumptive risk level (see People v Clark, 186 [*2]AD3d 1418, 1418; People v Santos, 174 AD3d 658, 659). Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and designated him a level two sex offender.
The defendant's remaining contention is unpreserved for appellate review, and, in any event, without merit.
IANNACCI, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court